HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GINA GIOVI,<br><br>              Plaintiff,<br><br>     v.<br><br>PATTERSON DENTAL SYPPLY, INC.,<br><br>              Defendant. | CASE NO. C12-990 RAJ<br><br>ORDER |

This matter comes before the court on plaintiff Gina Giovi's motion to compel. Dkt. # 20. Plaintiff seeks an order compelling her first requests for production ("First RFP") numbers 22 and 23, second requests for production of documents ("Second RFP") numbers 1, 2, 3 and 6,[1] and interrogatory ("ROG") number 6.

The court has broad discretion to control discovery. *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). That discretion is guided by several principles. Most importantly, the scope of discovery is broad. A party must respond to any discovery request that is not privileged and that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The court, however, must limit discovery where it can be obtained from some other source that is more convenient, less burdensome, or less expensive, or where its "burden or expense . . .

---

[1] Plaintiff has withdrawn requests 4 and 5 in the Second RFPs.

ORDER– 1

outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving these issues." Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

A.  **Rankings and Sales Standings Reports in Seattle Branch** (First RFP No. 22, Second RFP Nos. 1-3)

First RFP 22 requests all documents that reflect rankings of sales representatives from January 2008 through the present, and plaintiff has limited the scope of geography on all requests to the Seattle branch. Dkt. # 20-2 at 9 (Ex. 2 to Allen Decl.). Second RFP 1 requests all monthly sales standings reports from January 1, 2007 through the present. *Id.* at 12. Second RFP 2 requests all fiscal year or year-end sales standings reports or rankings of sales persons from January 1, 2007 through the present. *Id.* at 13. Second RFP 3 requests all monthly sales standings and/or fiscal year or year-end sales standings reports or rankings of sales persons for total gross margin dollars, gross margin production or total sales from January 1, 2007 to the present. *Id.* Defendant argues that the court should deny these requests because it has "already produced documents responsive to these requests that it was able to locate following a reasonable search." Dkt. # 22 at 2. However, that so-called "reasonable search" only consisted of Bill Neal, the supervisor who allegedly discriminated and retaliated against plaintiff, and two other human resources managers searching through their emails.

However, plaintiff has presented evidence that rankings and sales standings reports are available on defendant's internet-accessed program called Infosource. Dkt. # 27-2 at 2-3 (Ex. 4 to Allen Decl., Giovi Decl. ¶ 2). Additionally, plaintiff claims that defendant has not produced her daily sales and commission summary reports from September 27 through October 6, 2011. Accordingly, the court finds that defendant must search Infosource for the sales standings and rankings information requested that are responsive to these requests.

ORDER– 2

**B.     Total Monthly or Quarterly Sales for Sales Representatives** (First RFP No. 23)

Plaintiff requests all documents that reflect total monthly or quarterly sales for sales representatives from January 1, 2008 through the present. Defendant objects that the request is overbroad, unduly burdensome, and duplicative. Defendant argues that it would have to restore over 20 Seattle sales representative's email inboxes and review thousands of emails to locate these documents, and that the cost and expense of restoring and reviewing these documents is unduly burdensome. However, defendant has not provided the court with any understanding of how much time it would take or the cost involved to restore the emails and review the documents by way of declaration or any other evidence. The court finds that defendant has not demonstrated that responding to this request would be unduly burdensome. Plaintiff has also produced evidence that responsive information may be obtained from Infosource. Additionally, defendant is not required to produce documents that have already been produced, and monthly or quarterly sales reports are distinct from annual summary reports.

Accordingly, defendant must search for and produce all documents within its possession, custody or control responsive to First RFP 23.

**C.     Post-termination Activity** (ROG 6, Second RFP 6)

Plaintiff asks defendant to identify the individuals who took over plaintiff's accounts and to identify the accounts that they took over, and produce documents reflecting total sales from October 6, 2011 through the present. Defendant argues that it provided plaintiff with a supplemental response to ROG 6, and plaintiff does not address the interrogatory in reply. It appears to the court that defendant has provided the account numbers assigned to various individuals in defendant's supplemental answer. Dkt. # 23-2 at 7 (Ex. B to Ngo Decl.). Accordingly, the court DENIES plaintiff's request with respect to ROG 6.

With respect to Second RFP 3, defendant objects on the grounds that the request was overbroad, unduly burdensome and not reasonably calculated to lead to the discovery

ORDER– 3

of admissible evidence. Plaintiff alleges that she was terminated from employment in retaliation for filing a worker's compensation claim and that defendant discriminated against her on the basis of her age and disability when defendant failed to accommodate her request for reasonable accommodations and terminated her because of her age and perceived disability. Dkt. # 1 at 7-8 (Compl.). Defendant maintains that plaintiff was terminated for poor performance, and argues that a decrease in sales on plaintiff's accounts after termination could be explained by health of the economy or business strategy. However, a decrease in sales numbers on her accounts after her termination could also be evidence of pretext where defendant alleges that she was terminated for poor sales numbers. Thus, documents responsive to Second RFP 3 are reasonably calculated to lead the discovery of admissible evidence. Defendant also argues that responding to this request would be unduly burdensome, but has not provided the court with any evidence of the process required to search for and produce responsive documents. Thus, defendant has not demonstrated that responding to this request would be unduly burdensome.

Defendant must search for and produce all documents in its possession, custody, and control responsive to Second RFP 3.

**D.     Conclusion**

For all the foregoing reasons, the court GRANTS in part and DENIES in part plaintiff's motion to compel as explained above. Defendant must produce all responsive documents no later than three weeks from the date of this order. Defendant must also provide supplemental responses to the requests granted that states that it has produced all responsive documents within its possession, custody and control at the same time of production.

ORDER– 4

1  DATED this 14th day of May, 2013.

*(signature)*

The Honorable Richard A. Jones
United States District Judge

ORDER– 5